JOURNAL ENTRY AND OPINION
{¶ 1} Devon Jackson appeals from a decision entered by the common pleas court pursuant to a jury verdict finding him guilty of felonious assault with a peace officer specification and failure to comply with an order or signal of a police officer. On appeal, he assigns the following as error for our review:
 {¶ 2} The trial court committed an abuse of discretion by denying appellant's motion for a jury instruction on the offense of reckless operation as a lesser included offense of failure to comply with an order or signal of a peace officer.
 {¶ 3} The trial court erred when it denied appellant's motion for judgment of acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure.
 {¶ 4} Appellant's conviction of felonious assault was against the manifest weight of the evidence.
 {¶ 5} Having reviewed the arguments of the parties and the pertinent law, we affirm the judgment of the trial court. The apposite facts follow.
 {¶ 6} Cleveland Police Officers Randolph Murphy and Michael Cox responded to the Marathon gas station located at 14021 St. Clair Avenue, Cleveland, Ohio for crowd control. When the officers arrived at approximately 3:30 in the morning, they observed between seven to ten males congregating near the entrance of the gas station. The crowd disbursed when the police arrived. Officer Cox noticed Jackson, whom he had previously arrested. Officer Cox knew Jackson did not have a valid driver's license. The officers observed Jackson walk quickly to and enter a parked car on the driver's side. Officer Cox positioned the police car near the back of Jackson's car in an attempt to block its way. Officer Murphy exited the cruiser and ordered Jackson to remain in the car and turn off the engine.
 {¶ 7} Jackson backed his vehicle towards the police car, stopping short of striking Officer Murphy. Officer Murphy proceeded to the front of Jackson's vehicle, drew his weapon, and ordered Jackson to exit the vehicle for a second time. Jackson again disregarded the order and drove his vehicle towards Officer Murphy, forcing Murphy to dive out of the way to avoid being struck by Jackson's vehicle. Jackson drove the vehicle past Officer Murphy and over a sidewalk, and then fled the scene. The officers attempted to chase Jackson; however, Jackson abandoned the vehicle after striking a fire hydrant. Jackson was seen running through several residential yards but the officers did not apprehend him that night.
 {¶ 8} Officer Cox's subsequent investigation led him to identify the suspect as Jackson. Officer Murphy identified Jackson through a photo array. Two weeks after this incident, Officers Cox and Murphy arrested Jackson. Jackson was subsequently indicted on two counts of felonious assault with a peace officer specification and failure to comply with an order or signal of a police officer.
 {¶ 9} At trial, Officer Cox testified he and Officer Murphy, whom he was training, responded to a radio dispatch for crowd control at the Marathon gas station located at 14021 St. Clair, a high drug trafficking area. Upon arrival, he observed a group of males standing in front of the gas station; the group scattered upon their arrival. He further testified he recognized Jackson, but did not remember his name at the time. However, he knew he did not possess a valid driver's license and observed him walking towards a vehicle. Aware that he should not be driving, Officer Cox stated he waited to see which side of the vehicle Jackson was going to enter. Jackson entered the driver's side of the vehicle and started the engine. At this point, Officer Cox attempted to position the police car behind Jackson's vehicle in an attempt to block his way; at the same time, Jackson backed his car towards the police car. Jackson attempted to go forward and then back again, trying to angle his vehicle in such a manner as to be able to drive away. The officers ordered Jackson to exit the vehicle but he did not obey this order. Officer Murphy had exited the police car and as Jackson backed up the second time, Officer Murphy had to dive out of the way so that he was not struck by Jackson's vehicle. At that point, the officers drew their weapons and ordered Jackson from the vehicle. Jackson ignored the order for a second time. Officer Murphy approached the front of Jackson's vehicle and again was forced to jump out of the way as Jackson accelerated forward and drove away. The officers gave chase but failed to apprehend Jackson that day. Jackson's vehicle was found abandoned after striking several objects, including a fire hydrant. Officer Cox identified Jackson as the driver of the vehicle the night of the incident. He stated, on cross-examination, the night of the incident he did not know Jackson's name but through investigation, matched his face to the name.
 {¶ 10} Officer Murphy also testified and verified Officer Cox's rendition of that night's events. He further testified how he felt when Jackson was backing his vehicle towards the police car where he sat and stated, I mean, my heart started beating real fast. I was scared, [because] I didn't know what was going on. Then the next thing I know, my partner told me to watch out, [because] he thinks he's going to hit the car.
 {¶ 11} At the close of the State's case, the defense moved for acquittal pursuant to Crim.R.29. The court denied the motion. The defense did not present any evidence and renewed its Crim.R. 29 motion, which the court again denied.
 {¶ 12} In his first assigned error, Jackson argues the court erred by failing to instruct the jury on the offense of reckless operation as a lesser included offense of failure to comply with an order or signal of a peace officer.
 {¶ 13} An offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense.[1]
 {¶ 14} Jackson's argument fails on the second prong of this test, which involves a determination of whether one offense, as statutorily defined, is always and necessarily included within the second offense.
 {¶ 15} The crime of willful and wanton disregard of safety on highways under R.C. 4511.20, which Jackson refers to as reckless operation, is not always and necessarily included within third degree felony failure to comply under R.C. 2921.331(B). R.C. 4511.20 requires the State to prove operation of a motor vehicle with willful or wanton disregard for the safety of persons or property. R.C. 2921.331(B) states that no person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal to stop. A third degree felony conviction under R.C. 2921.331(B) requires proof that a defendant operated a motor vehicle so as to cause a substantial risk of serious physical harm to persons or property, regardless of the defendant's mental state with respect to persons or property.[2]
 {¶ 16} It is possible a defendant could willfully fail to comply with a police officer's signal, and, without acting with willful or wanton disregard of the safety of persons or property, cause a substantial risk of serious physical harm. Thus, it is possible to commit the offense of failure to obey an order or signal of a police officer without committing the offense of reckless operation.[3] Jackson's first assigned error is without merit.
 {¶ 17} In his second assigned error, Jackson argues the court erred in denying his Crim.R. 29 motion; essentially, he argues there was insufficient evidence for the jury to find him guilty of the charged offenses.
 {¶ 18} Regarding the sufficiency of the evidence against Jackson, the court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *.[4]
 {¶ 19} The test for sufficiency of the evidence raises a question of law to be decided by the court before the jury may receive and consider the evidence of the claimed offense. In State v. Jenks,[5] the court stated an appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. In this case, the State assumed the burden of proving beyond a reasonable doubt Jackson's guilt for the crimes of failure to comply with an order or signal of a police officer and for felonious assault.
 {¶ 20} As we previously noted, R.C. 2921.331(B) states that no person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal to stop. In this regard, Officers Cox and Murphy testified Jackson failed to turn off his vehicle and exit despite being ordered to do so; he even ignored the order despite the fact that both officers had drawn their weapons, pointed them at him and ordered him to exit the vehicle. The officers also testified Jackson drove away from the officer.
 {¶ 21} Felonious assault prohibits anyone from knowingly causing or attempting to cause physical harm to another.[6] A peace officer specification was added to this charge. Regarding this offense, Officers Cox and Murphy testified that on two occasions, Officer Murphy was forced to dive out of the way of Jackson's vehicle in order to avoid being struck. Officer Murphy also testified Jackson looked directly at him before he backed up his vehicle and saw Officer Murphy standing directly in his path. Additionally, Jackson disregarded Officer Murphy's safety when he drove forward, despite the fact that Officer Murphy was standing directly in front of Jackson's vehicle.
 {¶ 22} Based on these facts, we conclude sufficient evidence existed to convict Jackson of failure to comply with an order or signal of a police officer and felonious assault with a peace officer specification. Jackson's second assigned error is without merit.
 {¶ 23} Regarding the manifest weight of the evidence, the court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[7]
 {¶ 24} Additionally, the court in State v. Thompkins,[8] stated the weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Further, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.[9]
 {¶ 25} After reviewing the entire record in this case, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, we cannot conclude that in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice. Jackson's third assigned error is without merit. Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] State v. Rupp, Butler App. No. CA2001-06-135, 2002-Ohio-1600, citing State v. Barnes, 94 Ohio St.3d 21, 2002-Ohio-68, citing State v.Deem, (1988), 40 Ohio St.3d 205.
[2] See, Rupp, supra.
[3] Id.
[4] Crim.R. 29(A).
[5] (1991), 61 Ohio St.3d 259.
[6] R.C. 2903.11(A)(2).
[7] State v. Martin (1983), 20 Ohio App.3d 172.
[8] (1997), 78 Ohio St.3d 380, 1997-Ohio-52.
[9] State v. DeHass (1967), 10 Ohio St.2d 230.